(46 P.3d 568)

No. 87,785

PAUL D. BARNETT, *Appellant*, v. LYNELLE CUSIMANO, *Appellee*.

—

Opinion filed May 17, 2002.

*Paul D. Barnett*, appellant pro se.

No appearance by the appellee.

Before KNUDSON, P.J., BEIER and JOHNSON, JJ.

KNUDSON, J.: Paul D. Barnett appeals the district court's modification of child support. On appeal, Barnett contends the court erred in calculating monthly child support and limiting retroactive application of the modification.

Previously, Barnett had been ordered to pay child support of $441 to Lynelle Cusimano for two children. In anticipation of the parties' eldest child becoming an adult, Cusimano filed a motion to modify child support. After an evidentiary hearing on April 20, 2000, the hearing officer entered an order of $441 monthly child support for the remaining minor. In the order, the hearing officer found: "Nor has [Barnett] exercised physical visitation with the children in three years which puts an additional financial burden on [Cusimano]." In the hearing officer's completed child support worksheet, a $200 upward supplemental adjustment was entered as a result of Barnett's failure to exercise visitation. Barnett's motion for reconsideration was denied, and he appealed the judgment to Judge Janice D. Russell.

Judge Russell reduced the monthly child support obligation to $288 with the order to be retroactive to March 1, 2001. Judge Russell's order for support was based upon a worksheet that in-

cluded a $75 upward supplemental adjustment as a result of Barnett's failure to exercise visitation.

Barnett contends the trial court lacked legal authority to increase child support based upon his lack of visitation. This issue requires interpretation of the Kansas Child Support Guidelines (Administrative Order No. 128 [2001 Kan. Ct. R. Annot. 97]) (guidelines). Section V.E.2 of the guidelines permits a *reduction* of the noncustodial parent's support obligation based upon the amount of time a child is with the noncustodial parent. 2001 Kan. Ct. R. Annot. 109-10. There is no authority within the guidelines to increase the noncustodial parent's child support obligation through an upward adjustment under the supplemental visitation category based solely upon the noncustodial parent's failure to exercise visitation or spend quality time with a minor child. We conclude the district court erred in providing for a $75 upward visitation adjustment to Barnett's net parental child support obligation.

Barnett next contends the district court abused its discretion in failing to give retroactive application to its order from April 20, 2000. Judicial discretion is abused only when no reasonable person would take the view adopted by the district court.

K.S.A. 2001 Supp. 60-1610(a)(1) provides, in material part, that "[t]he court may make a modification of child support retroactive to a date at least one month after the date that the motion to modify was filed with the court." This quoted language certainly contemplates the district court's exercise of discretion.

Judge Russell was faced with an extended timeline in deciding Barnett's appeal. The hearing officer had heard the case a full year before Judge Russell entered a final order. Most, if not all, of the delay was the fault of Barnett. Under the circumstances shown, we conclude the district court did not abuse its discretion in providing for retroactive application from March 1, 2001.

In summary, Barnett's monthly child support obligation is reduced to $213 retroactive from March 1, 2001. Upon remand, a supplemental journal entry should be prepared and filed consistent with the decision of this court.

Affirmed in part, reversed in part, and remanded with directions.